NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAJU A T DAHLSTROM, | No. 20-35012 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01874-RSL |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| ANNE M. CRAIL, | |
| Defendant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted September 1, 2021**
Seattle, Washington

Before: HAWKINS, TASHIMA, and McKEOWN, Circuit Judges.

Raju Dahlstrom appeals the district court's grant of summary judgment in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

favor of the United States on his claim arising under the Federal Tort Claims Act ("FTCA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a grant of summary judgment, *Sandoval v. County of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018), as well as the question of whether "the United States is immune from liability in a[n] FTCA action," *S.H. by Holt v. United States*, 853 F.3d 1056, 1059 (9th Cir. 2017) (citation omitted).  We affirm.

The United States is "immune from suit unless it waives its immunity." *Shirk v. U.S. ex rel. Dep't of Interior*, 773 F.3d 999, 1003 (9th Cir. 2014).  The FTCA's waiver of sovereign immunity extends to claims "resulting from the performance of functions . . . under a contract, grant agreement, or cooperative agreement authorized by the Indian Self-Determination and Education Assistance Act" ("ISDEAA") *so long as* the tribe or tribal organization was "carrying out" such a contract or agreement at the time of the tort.  *See* Department of Interior and Related Agencies Appropriation Act, Pub. L. No. 101-512, § 314, 104 Stat. 1915 (1990), 25 U.S.C. § 5321 note.  Because a waiver of sovereign immunity is a "prerequisite for jurisdiction," *Dep't of Treasury-I.R.S. v. Fed. Lab. Rels. Auth.*, 521 F.3d 1148, 1153 (9th Cir. 2008) (citation omitted), and because "the party asserting jurisdiction bears the burden of establishing subject matter jurisdiction, a plaintiff in an FTCA suit must identify which contractual provisions the alleged tortfeasor was carrying out at the time of the tort," *Shirk*, 773 F.3d at 1006

(alteration, citation, and internal quotation marks omitted).

Dahlstrom—the party asserting jurisdiction—has failed to meet this burden. Indeed, in his opening brief he does not identify a single specific contractual provision that the Sauk-Suiattle Tribal Council was carrying out when it terminated his employment.[1] Accordingly, Dahlstrom has failed to establish that the FTCA's waiver of sovereign immunity applies, and the district court properly granted summary judgment in the United States' favor for lack of subject matter jurisdiction over his remaining claim.

**AFFIRMED.**

---

[1] Though we now grant Dahlstrom's motion for extensions of time to file the reply brief and further excerpts of record (Docket Entry No. 56) and direct the Clerk to file the reply brief submitted at Docket Entry No. 57 and the further excerpts of record submitted at Docket Entry No. 59, Dahlstrom cannot correct this failure by belatedly pointing to contractual provisions on reply. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) (noting that the court does not consider matters not specifically and distinctly raised and argued in the opening brief).